# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KATHLEEN HUMES,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0345** (BOR Appeal No. 2047813)
              (Claim No. 2005031199)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**COMMUNITY HOSPICES OF AMERICA, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kathleen Humes, by Gregory Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 7, 2013, in which the Board affirmed an October 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 23, 2012, decision which denied additional psychotherapy and neurofeedback sessions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Humes, a registered nurse, sustained a traumatic amputation of her left arm in a motor vehicle accident in the course of her employment on February 16, 2005. Her claim was held compensable for traumatic amputation of the arm, affections of the shoulder, encounter long-term use, encounter therapy drug monitor, phantom limb, muscle weakness, and sprain/strain of the rotator cuff. Ms. Humes has been treated by Teresa Paine, Ph.D., L.P.C., since April of 2005. Dr. Paine performs psychotherapy and neurofeedback sessions. She stated in a November of 2011 letter that she treats Ms. Humes for anxiety, depression, and pain management.

Ms. Humes was evaluated in a psychiatric independent medical evaluation by Bobby Miller, M.D., in September of 2011. In that evaluation, Dr. Miller noted that the compensable conditions in the claim were adjustment reaction-mixed emotion adjustment and phantom limb. He diagnosed a somatoform disorder and opined that the diagnosis of adjustment disorder was likely appropriate in the past but no longer applied. He also noted that somatoform disorder is not a compensable disorder. Ms. Humes reported that neurofeedback helps her pain about 30% but the pain always returns. Dr. Miller found that psychotherapy was excessive and ineffective at restoring Ms. Humes's social and occupational functioning. He noted that she stated that the treatment was marginally helpful but she would be willing to end the sessions if workers' compensation would purchase her a car. Dr. Miller found Ms. Humes to be at maximum medical improvement and opined that no further treatment was necessary in this case.

Ms. Humes was also evaluated by ChaunFang Jin, M.D., in October of 2011. Dr. Jin found that Ms. Humes's complaints of arm pain are directly related to her compensable injury because phantom limb pain is a well-known complication of amputation. She has reached maximum medical improvement. Pain management is necessary and appropriate; however, Ms. Humes only requires medication and periodic office follow-up visits.

The claims administrator denied a request for additional psychotherapy and neurofeedback sessions on January 23, 2012. The Office of Judges affirmed the decision in its October 22, 2012, Order. It found that Dr. Miller's report was reliable. He determined that Ms. Humes was at maximum medical improvement and that the psychotherapy and neurofeedback sessions were ineffective and excessive. He noted that she stated that she would stop attending the sessions if workers' compensation purchased a car for her. Ms. Humes reported that the neurofeedback sessions only provided temporary relief and that she had attended more than 900 psychotherapy and neurofeedback sessions. She has obtained no lasting pain relief from the treatments. The Office of Judges also relied on Dr. Jin's report in which she also determined that Ms. Humes had reached maximum medical improvement. Dr. Jin did acknowledge that Ms. Humes does suffer from phantom pain and would require medications and periodic office follow-up visits; however, the Office of Judges found that she made no mention of a need for weekly sessions. In fact, she recommended home exercises. The Office of Judges found that there was some indication in Dr. Miller's report that Ms. Humes believes that if she were provided a car she would no longer require neurofeedback or psychotherapy. The Office of Judges concluded that this indicates she does not believe the sessions are either necessary or helpful for her compensable conditions. The Office of Judges ultimately held that Dr. Miller's report was the most persuasive of record. The fact that Ms. Humes had undergone over 900

treatments with no lasting relief was found to indicate the treatments were not highly effective or necessary as a result of the work-related injury. The Office of Judges therefore held that the preponderance of the evidence indicates psychotherapy and neurofeedback sessions are not beneficial or medically necessary as a result of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its March 7, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Ms. Humes has been unable to find sustained pain relief from neurofeedback sessions for her phantom limb pain. She has been found to be at maximum medical improvement for her compensable injury by two separate physicians and it was determined that she only required medication and occasional office visits. Additionally, Dr. Paine indicated she was being treated with psychotherapy for anxiety and depression. There is no indication in the evidentiary record that either of those conditions are compensable components in this claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II